HADDUCK (PAYSON v.). See Case No. 10,-862.

## Case No. 5,892.

### HADE v. BROTHERTON.

[3 Cranch, C. C. 594.] [1]

Circuit Court, District of Columbia. May Term, 1829.

PLEA OF NUL TIEL RECORD—TRANSCRIPT OF JUS-
TICE OF THE PEACE—CERTIFICATION
UNDER ACT OF CONGRESS.

Upon the plea of nul tiel record, a transcript of the record of a justice of the peace in Pennsylvania, certified by him to the county court, and certified by the prothonotary and the presiding judge of that court, according to the act of congress, is evidence of the judgment, although that transcript consists of short docket-entries.

Debt, upon the judgment of a justice of the peace in Pennsylvania, entered of record in the court of common pleas of        county, in Pennsylvania. The record of the court of common pleas was certified by the prothonotary and the presiding judge, according to the act of congress; and it stated a transcript of a judgment rendered by a justice of the peace, for $78.62½, and 37½ cents costs, certified to the court by the justice of the peace. That transcript consisted of short docket-entries only, stating a summons, and judgment by default, upon a note and open account.

Mr. Marbury and Mr. Turner, for defendant, contended that it was no record of a judicial proceeding. It contained no declaration, no plea, and no issue.

Mr. Hall, for plaintiff.

THE COURT (MORSELL, Circuit Judge, contra) was of opinion, upon the plea of nul tiel record, that it was such a record as is stated in the declaration.

MORSELL, Circuit Judge, thought it could not be considered as a record, because not made out in full form of a technical record.

HADE (UNITED STATES v.). See Cases Nos. 15,273 and 15,274.

## Case No. 5,893.

### HADEN v. PERRY.

[1 Cranch, C. C. 285.] [1]

Circuit Court, District of Columbia. March Term, 1806.

CONFESSION OF JUDGMENT—RETURN OF WRIT.

Judgment cannot be confessed before the return term of the writ.

The defendant was arrested on a writ returnable to the next term.

Mr. Taylor, for defendant, moved for a

[1] [Reported by Hon. William Cranch, Chief Judge.]

habeas corpus, to bring up the defendant to confess judgment at this term, and cited the act of assembly of Virginia of 19th December, 1792 (page 113, § 43), that a confession of judgment is equal to a release of errors.

But THE COURT overruled the motion. See McNeil v. Cannon [Case No. 8,913], June term, 1803, and Smith v. McCue or Askew v. Smith [Id. 588], March adjourned term, 1804.